J. A. HAUERBACH, Respondent, v. GEORGE CALDER, Appellant.

### DISCHARGE OF EMPLOYE---WAIVER OF RIGHT.

In determining whether an employer had violated the terms of his contract, an instruction by the court to the jury as follows: "If you find a waiver or condonation of any particular act, that act cannot subsequently be relied upon by the employer as

a reason to discharge the servant. Such discharge must then arise from another act or acts occurring subsequently to those waived or condoned,"—is not error, since the court did not say that an act subsequent to one waived as a justification for a discharge might not be considered in the light of such former acts and conduct.

(No. 814. Decided July 23, 1897.)

Appeal from the Third district court, Salt Lake county. A. N. Cherry, *Judge.*

Action by J. A. Hauerbach against George Calder. Judgment for plaintiff. Defendant appeals. *Affirmed.*

*Williams, Van Cott & Sutherland,* for appellant.

*Krebs & Happaugh* and *J. M. Hamilton,* for respondent.

ZANE, C. J.:

The plaintiff, a professional musician, made a contract with the defendant to furnish an orchestra, consisting of a certain number of musicians, to play at the latter's park each day except Sundays during the season of 1894, for which the defendant bound himself to pay $60 per month, and to furnish the members of the band free transportation to and from the park, and a lunch each day. It also appears that defendant discharged the plaintiff and his orchestra before the season closed. The defendant admitted the contract, but denied that he discharged the plaintiff or his orchestra without reasonable cause, and alleged that different members of the orchestra became intoxicated, and conducted themselves in an offensive manner in the presence of ladies and others attending his resort, and that he discharged the plaintiff and his orchestra for that reason. The plaintiff introduced evidence on the trial tending to prove the allegations of his complaint, and the defendant introduced

evidence tending to prove that some of the members of plaintiff's orchestra were drunk at different times during the performance in defendant's park, and were guilty of offensive conduct before and on the occasion for which plaintiff was discharged. In rebuttal the plaintiff offered evidence tending to prove that the defendant's answer and evidence with respect to drunkenness were untrue. The evidence was submitted to the jury under the charge of the court, and a verdict was found against the defendant in the sum of $330, to compensate for the loss from defendant's breach of contract, and a judgment was rendered thereon for that sum and for costs. From that judgment the defendant has appealed, and assigns the following paragraph in the charge of the court as error: "Upon the question of performance of the contract, you are further instructed that any breach of contract may be waived by the employer, and whether or not there has been a waiver of any particular act is to be determined by the jury; and, if you find a waiver or condonation of any particular act, that act cannot subsequently be relied upon by the employer as a reason to discharge the servant. Such discharge must then arise from another act or other acts occurring subsequently to those waived or condoned." There was evidence tending to prove that the previous drunkenness or conduct of which defendant complained occurred before that on the day named, for which plaintiff and his orchestra were discharged, and that such previous drunkenness and conduct were known to the defendant a considerable time before the discharge. The evidence was conflicting as to whether the members of the orchestra were intoxicated, and were guilty of the conduct complained of. The court told the jury in the charge that a breach of the contract might be waived by the employer, and when any par-

ticular act is waived it cannot afterwards be relied upon by the employer as a reason for discharging the employed. In this the court did not say that an act subsequent to one waived as a justification for a discharge might not be considered in the light of such former acts and conduct. We are disposed to hold that the exceptions relied upon are not well taken. The judgment of the court below is affirmed.

BARTCH and MINER, JJ., concur.